Ford, J.
The grand jury of tho county of Hunterdon, pro sented an indictment against Lambert Rickey, the defendant, for embezzling the money of the State Bank at Trenton, and the amo being removed into this court by certiorari, a, plea in abatement was put in by the di fondant, containing tho following matters. First That one of the jurors sworn and charged on the *84 said grand jury, was a stockholder in the capital stock of said company, and also possessed a large amount of the promissory notes of said bank, and was greatly interested in procuring the said indictment; whereby he became disqualified and incompetent to be sworn on said jury. Second plea. That two of the persons so sworn and charged as members of the grand jury, had, before they were so sworn, formed and publicly expressed opinions that were unfavorable and prejudicial to the defendant, by declaring their determination to have him indicted, and by declaring that nothing else would have induced them to attend the court at that time; by reason whereof (fyc. as before.) The attorney-general demurred to these pleas, and thereupon took three exceptions.
First, to the form of the plea ; for that it does not allege that the said persons or either of them served on the grand jury, : but only that they were sworn and charged as members. Now it is true that the word served has not been inserted in the plea hut the words sworn and charged, are certain enough to the same intent, for they are words appropriated in law, in the caption of every indictment, to designate who were the actual members of the grand jury. 2 Bl. Com. appendix 2.
The Second exception is this, that the plea founds the incorapetency of the juror upon his being a stockholder, and upon his possessing a large amount of the promissory notes of the bank, (supposed to have been defrauded by the. alleged embezzlement) from all which an inference is drawn that the juror was interested between the state and the offender, whereas the juror could neither gaiu or lose by the' event of the prosecution. Now, I take this answer to ineompeteney, arising from a supposed interest in the juror, to be satisfactory and complete. The idea that a private person may be interested in a public prosecution,.seems to be utterly discarded in law. There is not a case, with the single exception of forgery, in which the idea has been countenanced in a court of law, and even there it rests on such doubtful grounds, that no judge has assigned a satisfactory reason for it, except that it has been for along time so adjudged. That the law never admits the idea, now suggested, of private interest in. a public prosecution, may appear from more instances than it would be proper to enumerate on account of time. Thus a person who ha;s been defrauded of his goods by false tokeagf *85 is a competent witness to prove the indictment, although, oil' the face of it, he is the person ehaiged to have been defrauded; and the reason is, that however he may be interested in the transactions themselves, he can have no private interest in the public prosecution. So it is in assault and battery, larceny, robbery, and every misdemeanor for cheating, the person who is charged to be assaulted, stolen from, robbed or cheated, has always been held to be a disinterested and competent witness between the state and the person accused. The interest of this grand juror in the company is admitted ; so likewise, it is his interest to receive payment for the notes, if possible, that he holds against the bank ; yet he is not interested beyond that common interest, which every member of society must feel in the conviction of such persons as offend against the peace, the order and well being of society. The punishment which would ensue a conviction of the offence here charged, would rather lessen the offender’s ability to make reparation for the private injury ; and I am utterly at a loss to see, in what manner this prosecution could possibly enure to the personal benefit of the juror. Is it supposable, that the stock of a bank that is broken or crippled, will rise in its credit or value in the public estimation by exposing to public view, a heavy embezzlement of the very funds on, the safety of which its whole value depended, and without which ir has no value f But enough has been said to do away the idea, as I trust, of any such private interest, as would disqualify this stockholder for serving as a grand juror.
The third exception, which applies to the residue of the plea, being no more than a challenge to the favour, is, that it comes too late. I have had great difficulty in finding out what the law really is upon this point. It appears never to have made its ap - pearance before this time in a court of justice, though in point of fact the case must have been occurring for centuries | and if there be a like case in the books, my misfortune has been' not to discover it. In the case of Col. Burr, the challenges to grand jurymen were all taken before they were sworn. The case „ of the State v. Rockafellow, 1 Hals. 343, was not a challenge to the favour; it was matter of principal challenge for want of a leading qualification required by statute; and though I subscribe to the doctrine of the court there delivered, and do not see how , the court would have done otherwise, upon the facts admitted *86 by the demurrer, it may lead to very inconvenient results, if carried a single inch beyond the precise circumstances of that very case. If such a plea should be traversed, the court might find great difficulty in permitting those very counsels of the grand jury room, to be pumped out of witnesses by the force of their authority, which had just before been employed in imposing an oath on each grand jurymen to keep secret. And that not to elicit the evidence of a crime, in which public justice was concerned, but to establish a mere irregularity for the purpose of arresting a public prosecution; and when the defendant was as likely to be guilty as if the irregularity had never happened. But, without meaning to disturb that case, my impression is, that it has no bearing on the present; and, in the absence of all cases, I find no principle on which to maintain the present plea. But, on the other hand, I find much against it. The matter is a challenge to the polls for favor, which the law always requires to he made before the juror is sworn, and here it is not made till after he has been sworn and acted. If taken at the proper time, it will only remove the juror, and allow of another in his place 5 hut, if allowed in this shape, it will invalidate the proceedings of all the other good add unexceptionable men on the jury. If taken at the proper time, the question whether the juror was indifferent or not would have been tried by triors ; but if taken in the form of a plea in abatement, the established^ mode of trial will ■ he rhanged for that of a full jury of twelve men. It is the most expensive form in which the matter can be presented, and the pokey of the law requires it to be done in a summary way. It may be used as an engine of great delay, so as that a new indictment may be impracticable on account of the statute of limitations, before the old one comes to be quashed, and guilty offenders will, if they are able, seek impunity under it for their crimes, and make it a refuge against public justice, turning it into ridicule and contempt. Finally, there is no such plea as this to he found among the records and monuments of the law; it is suigeneris, not alone without precedent (whereof the books had been filled, if past ages had deemed such matter pleadable) but contrary to all precedents which are the other way. Such are the reasons as they occur to me at present for adopting the gen- - eral conclusion that this plea is inadmissible in all its parts.
Lastly. If the matter of the plea, does not admit of being set *87 up in this stage of the proceedings, the consequence is that if must be overruled, whether the voriScatiou of it be in form or sot. and, therefore, any opinion oa that point would be useless íu this case.
.Oh ikk,. concurred.
Ch. Justice, delivered no opinion, being a stockholder ?ti she. bank.
Flea overruled.,